IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK McNEELY.,

    Petitioner,　　　　　　　　No. CIV S-08-0175 LEW JFM P

  vs.

MCGINNESS, et al.,

    Respondents.　　　　　　　　ORDER AND

_____/　　FINDINGS & RECOMMENDATIONS

       Petitioner, a pretrial detainee proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

       Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

       A writ of habeas corpus under 28 U.S.C. § 2254 is only available to persons "in custody" pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). This court has previously determined that petitioner completed his prison sentence based on his 1995 conviction. (See CIV S-06-2493 DFL KJM P.)[1] Because petitioner was not "in custody" when

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

he filed this action, this action must be dismissed. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989).[2]

Petitioner argues that he cannot be required to register as a sex offender pursuant to Cal. Penal Code § 290 based on charges that were dismissed in his prior petition for writ of habeas corpus as it would violate double jeopardy. See CIV S-00-1358 DFL PAN P. However, as noted above (at n.2), it appears plaintiff has not yet suffered a criminal conviction.[3] Moreover, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Because petitioner has not yet been convicted, he could not have exhausted state remedies with respect to any claim raised herein. Accordingly, this action should be dismissed.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing

---

[2] Petitioner is a pretrial detainee presently housed in the Sacramento County Jail. State court records indicate that he has not yet been convicted. Sacramento County Superior Court Case Index Search System, accessed January 29, 2008, https://services.saccourt.com/indexsearchnew/xCaseDetailsV2.aspx?SearchValues=MCNEELY,DOCK,%20,2333938,3447007F09282. Further proceedings were scheduled for January 29, 2008 at 9:00 a.m. in Department 30. Id.

[3] Petitioner appended a copy of the felony complaint filed September 28, 2007 in the Sacramento County Superior Court, Case No. 07F09282, which states that petitioner was convicted of the crime of continuous sexual abuse of a child in violation of Cal. Penal Code § 288.5 on August 25, 1995. That conviction predates the 1998 charges dismissed in CIV S-00-1358 DFL PAN P (addressing April 15, 1998 charges); see also docket no. 116, "petitioner pled guilty on March 25, 1994, to continuous sexual abuse." (id. at 2.)

§ 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Petitioner's request will be denied.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis; and

2. Petitioner's January 25, 2008 request for the appointment of counsel is denied without prejudice.

IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2008.

UNITED STATES MAGISTRATE JUDGE

001/mcne0175.156