IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK NEELY,

    Petitioner,                    No. CIV S-08-0175 LEW JFM P

    vs.

MCGINNES, et al.,              ORDER AND

    Respondents.             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a pretrial detainee proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2241. On February 7, 2008 findings and recommendations were issued recommending that this action be dismissed because petitioner was not in custody, as defined by 28 U.S.C. § 2254. However, on February 28, 2008, petitioner filed objections clarifying that he had filed a petition pursuant to 28 U.S.C. § 2241 and asked the court to review his claims that he is in custody in violation of the Constitution. Good cause appearing, the findings and recommendations will be vacated.

        Because petitioner is a pretrial detainee awaiting trial, his claim is properly evaluated under 28 U.S.C. § 2241(c)(3) which gives the court authority to entertain habeas petitions raising claims that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," including claims by pretrial detainees. (Id.)

1

In ground one, petitioner claims he cannot be required to register as a sex offender in violation of his due process rights when the underlying predicate charge was dismissed with prejudice. Petitioner contends that on July 17, 2003, the United States Court of Appeals for the Ninth Circuit ordered petitioner immediately released from custody based on the violation of his right to a speedy trial. Because the 1998 charges were dismissed, petitioner contends his current incarceration is unlawful.

However, the 2003 dismissal by the Ninth Circuit Court of Appeals addressed charges brought against petitioner in **1998** in Sacramento County. McNeely v. Blanas, 336 F.3d 882 (9th Cir. 2003); see also March 26, 2002 Memorandum of Opinion and Order, CIV S-00-1358 DFL at 3 (docket no. 87).[1] Petitioner is correct that he is not required to register as a sex offender when the underlying predicate charge was dismissed with prejudice. Here, however, the state is pursuing a felony conviction against petitioner based on violations of his failure to register based on his **1995** conviction of Cal. Penal Code § 288.5 in Placer County. Accordingly, petitioner's first ground is without merit.

Petitioner also challenges his confinement based on his allegation that the prosecution has undertaken in bad faith without hope of obtaining a valid conviction in violation of petitioner's right to be twice placed in jeopardy. It appears petitioner believes that the 2003 dismissal precludes the state from pursuing section 290 charges against petitioner or that a subsequent prosecution for failure to register would violate double jeopardy.

"The double jeopardy clauses of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, and article I, section 15, of the California Constitution, guarantee that a person shall not be placed twice 'in jeopardy' for the 'same offense.' The double jeopardy bar protects against a second prosecution for the same offense following an acquittal or conviction, and also protects against multiple punishment

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

for the same offense. [Citations.]" People v. Bright, 12 Cal.4th 652, 660 (1996), overruled on other grounds in People v. Seel, 34 Cal.4th 535, 550 (2004).

Section 290 of the California Penal Code provides, in pertinent part, as follows:

> (a) Sections 290 to 290.023, inclusive, shall be known and may be cited as the Sex Offender Registration Act. All references to "the Act" in those sections are to the Sex Offender Registration Act.
>
> (b) Every person described in subdivision (c), for the rest of his or her life while residing in California, or while attending school or working in California, as described in Sections 290.002 and 290.01, shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act.
>
> (c) The following persons shall be required to register: Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289, Section 207 or 209 committed with intent to violate Section 261, 286, 288, 288a, or 289, Section 220, except assault to commit mayhem, Section 243.4, paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, subdivision (b) of Section 266i, Section 266j, 267, 269, 285, 286, 288, 288a, 288.3, 288.4, 288.5, 288.7, 289, or 311.1, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; any statutory predecessor that includes all elements of one of the above-mentioned offenses; or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses.

(Id.) In the September 28, 2007 felony complaint, the prosecution alleges petitioner

/////

3

1      [o]n or about and between September 15, 2006, and September 26,
2      2007, at and in the County of Sacramento, State of California,
    [petitioner] DOCK MCNEELY did commit a felony namely:  a
3      violation of Section 290(g)(2) of the Penal Code of the State of
    California, in that said [petitioner] having on the 25th of August,
4      1995, in the Superior Court of the County of Placer for the State of
    California, been previously convicted of a felony violation of
5      Section 288.5 of the Penal Code of the State of California, and
    thereby being a person required to register under Section 290, did
6      willfully violate a registration requirement of Section 290 in that
    the [petitioner] failed to register with the chief of police and sheriff
7      within five days of coming into, and changing the [petitioner's]
    residence and location within the city, county, and campus in
8      which the [petitioner] was residing, temporarily residing, and
    located, within the meaning of Penal Code Section 290(a)(1)(A).

9  (Id. at 1.) Petitioner was charged with a second count for failure to inform the law enforcement

10  agency with whom petitioner last registered, again based on the 1995 prior felony conviction.

11  (Id. at 2.)

12      First, petitioner's status as a sex offender is based on his 1995 conviction of Cal.

13  Penal Code § 288.5.  The 2006 and 2007 offenses contained in the felony complaint, while

14  related to his status as a sex offender, are new and distinct offenses from his underlying 1995

15  conviction.  Section 290 is a life-time requirement that petitioner register each and every time

16  petitioner changes his address.  By requiring sex offenders to reregister, it was the Legislature's

17  intent to treat each violation as a separate, continuing offense in order to encourage compliance

18  with the law and to ensure to the extent possible that a sex offender's whereabouts remain known.

19  Id.  Thus, if the prosecution proves beyond a reasonable doubt that petitioner failed to register in

20  2006 and 2007, petitioner will sustain one or more felony convictions.  A convicted sex

21  offender's duty to register is a continuing one and thus the failure to comply constitutes a

22  continuous crime.  Wright v. Superior Court, 15 Cal.4th 521, 527, 63 Cal.Rptr. 2d 322

23  (1997)(sex offenders present a continuing threat to society which requires constant vigilance).

24      Second, the felony complaint does not reference the 1998 charges which were

25  dismissed by the Ninth Circuit Court of Appeal in 2003.  The fact that the 1998 charges were

26  dismissed has no bearing on the fact that petitioner sustained a prior conviction in 1995 for a

violation of Cal. Penal Code § 288.5.[2] Thus, the allegations that petitioner failed to register in 2006 or 2007 do not place petitioner twice 'in jeopardy' for the 'same offense," because they are based on his alleged failure to act in 2006 and 2007, required by his 1995 conviction, not the subsequently dismissed 1998 charges.

Third, the fact that petitioner was granted habeas relief as to Placer County's attempt to revoke his probation based on the 1998 charges does not change this court's analysis. McNeely v. Bonner, CIV S-04-1215 DFL PAN, Memorandum of Opinion and Order, filed July 18, 2005 (docket no. 49). The district court found a close relationship between the probation revocation and the Sacramento charges and, in light of the Circuit's dismissal of the 1998 charges, directed that petitioner be released from custody and no further attempt could be made to revoke his probation based on the pending charges. Id. at 6. While this ruling precluded Placer County from further efforts to revoke petitioner's probation, there was no mention of petitioner's duty to register under Cal. Penal Code § 290. There might be a close connection if the state were pursuing charges based on his failure to report in 1998. However, the events alleged in the pending felony complaint took place in 2006 and 2007, long after the district court found petitioner had been wrongfully detained without a hearing on the 1998 charges and the subsequent attempt to revoke petitioner's probation was thwarted.

Finally, with regard to the pending felony complaint, state court records indicate that petitioner was arraigned on September 28, 2007, held to answer on February 28, 2008, and is presently scheduled for trial readiness conference on April 16, 2008 and trial on April 23, 2008.[3]

---

[2] Court records reflect that on March 25, 1994, petitioner pled guilty in the Placer County Court to continuous sexual abuse in violation of Cal. Penal Code § 288.5(a). On August 25, 1995, petitioner was placed on five years probation. (See McNeely v. Blanas, 00-1358 DFL PAN P, January 29, 2004 Order at 2.)

[3] State court records indicate that he has not yet been convicted. Sacramento County Superior Court Case Index Search System, accessed March 4, 2008, https://services.saccourt.com/indexsearchnew/xCaseDetailsV2.aspx?SearchValues=MCNEELY, DOCK,%20,2333938,3447007F09282.

1     For all of the above reasons, this court finds petitioner has failed to establish there
2 are "extraordinary circumstances" requiring this court to intervene on his behalf. The petition
3 should be denied.
4     Accordingly, IT IS HEREBY ORDERED that the February 7, 2008 findings and
5 recommendations are vacated.
6     IT IS HEREBY RECOMMENDED that this action be dismissed without
7 prejudice.
8     These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
10 days after being served with these findings and recommendations, petitioner may file written
11 objections with the court. The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations." Petitioner is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
14 F.2d 1153 (9th Cir. 1991).
15 DATED: March 6, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; mcne0175.56